## EDWARD T. MURRAY for the use of Emmerson K. Bull v. E. K. LAMSON.

(128 N. W. 1039.)

### Appeal and Error — Adverse Claims — Tax Deed.

On an appeal in an action to determine adverse claims, where the judgment roll only is before the supreme court, and it appears by defendant's counterclaim that the tax deed under which he claims and is in possession is a valid tax deed, and the findings show that all tax proceedings were in accordance with the statute, and that all the grounds urged by plaintiff to show defects in the tax proceedings do not exist, *held*, that defendant's title is valid, and that

the deed under which he claims vested a complete title in him, and that the deed under which the plaintiff claims conveyed nothing.

Opinion filed November 25, 1910.  Rehearing denied December 21, 1910.

Appeal from District Court, Burleigh county; *Winchester, J.*

Action by Edward T. Murray, for the use of Emmerson K. Bull, against E. K. Lamson.  Judgment for defendant, and plaintiff appeals.

Affirmed.

*W. L. Smith* and *J. W. Bull*, for appellant.

*Newton & Dullam*, for respondent.

Morgan, Ch. J.  This action is based upon conflicting claims to the east 30 feet of lots 11 and 12, of block 68 of the original plat of the city of Bismarck.  E. K. Bull claims to be the owner as against his grantor, Murray, but admits that the deed through which he claims is void as against the defendant, Lamson, who was in possession of the premises when the deed was delivered to him.  The plaintiff demands that the defendant be dispossessed, and possession established in him.

The action is brought by Murray on behalf of Bull, and, although the deed is void as between Bull and Lamson, the claim is that it is valid as to all other persons.  The grantee in that deed is permitted to enforce his deed through his grantor, under the principle laid down in Galbraith v. Payne, 12 N. D. 164, 96 N. W. 258, and cases subsequently decided by this court.

Lamson, the defendant, also claims title and possession under a subsequent deed from Murray to him.  The rights of the parties under these conflicting deeds we need not determine, as it is clear to us that the defendant is the absolute owner, and entitled to the possession of the land under a tax deed delivered to him in January, 1902, pursuant to a certificate of sale dated January 6, 1898, for the taxes of 1897.  Lamson also claims title to this land and the rightful possession thereof under this tax deed, and he pleads this deed as a basis for his right to the possession of the land by way of counterclaim, and asks affirmative relief based thereon.

On this appeal the evidence is not before us.  The trial court refused to settle a statement of the case, and this court denied an application

of the plaintiff to compel the settlement of such statement by the trial court. The consequence of such refusal is that this court has only the judgment roll before it to determine the appeal. In other words we are to determine from the pleadings and findings whether the judgment is sustained. If the judgment is sustained by the pleadings and findings, then it must be affirmed. If the deed of January 11, 1902, was a valid deed, Murray had no title to these premises when the deed to Bull was executed, and that deed conveyed nothing to Bull, as the grantor had no title to convey. The deed is set forth in the findings, and is regular on its face. The court further finds expressly that the notice of the expiration of the time for a redemption was duly given, and no redemption was made or attempted to be made. It is also expressly found that Lamson was actually and openly in possession of the premises when the tax deed was delivered to him, and has been in such possession since May, 1899. There is a further finding that a certificate of sale was duly issued to the defendant pursuant to such sale, and that a deed was duly executed by the county auditor and delivered to him. That deed shows that all the proceedings in relation to the assessment and sale were regular and in compliance with the statute. These facts are all pleaded as a counterclaim, and as a basis of defendant's absolute ownership of these lots, and relief is demanded by the defendant that the title be quieted in him and that he be adjudged to be the owner of the same.

In view of these findings, we are agreed that the facts found sustain the judgment in defendant's favor, to the effect that he was the owner of the lots at the time Bull received his deed from Murray, and that his possession has continued since May, 1890. In other words, the tax deed under which he now claims invested him with the title and ownership of the lots, and devested Murray of any prior claim that he may have had thereto. The title having passed to the defendant before Bull received his deed, Murray had no title to convey when he gave the deed to Bull, and nothing was conveyed thereby.

The findings are explicit that all proceedings leading up to defendant's tax deed were regular and in accordance with the statute, and that the deed was, in all respects, a valid deed. Every ground alleged as to the invalidity of the tax proceedings is expressly found not to exist.

The tax deed on which the defendant' relies was valid, and from that fact it follows that the judgment is affirmed.   All concur.